No. 215　　　　　April 10, 2024　　　　　753

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Erika L. PIERCE,
Personal Representative of
the Estate of Patricia Ann Stout, Deceased,
*Plaintiff-Appellant,*

*v.*

BEST WESTERN INTERNATIONAL, INC.,
a foreign corporation,
and BWI Licensing, INC.,
a foreign corporation,
*Defendants,*

*and*

CONNOR ENTERPRISES, INC.,
dba New Oregon, Inc., an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
21CV14212; A177997

Kathleen M. Dailey, Judge.

Argued September 20, 2023.

Travis Eiva argued the cause and filed the briefs for appellant.

Rebecca A. Watkins argued the cause for respondent. Also on the brief were Christine R. Olson and SBH Legal.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Plaintiff appeals from a limited judgment dismissing defendant Connor Enterprises, Inc., from this matter, following an opinion and order granting defendant's motion to dismiss pursuant to ORCP 21 A.[1] Plaintiff asserts that the trial court erred in concluding that the action against defendant was barred by the workers' compensation statutes, because such an application of the law leaves plaintiff without a remedy and thus violates Article I, section 10, of the Oregon Constitution. We conclude that this issue is resolved by controlling Oregon Supreme Court case law, and we therefore affirm.

The relevant facts are procedural and undisputed. Plaintiff is the personal representative of her deceased mother's estate. The deceased, Stout, was employed by defendant, and suffered a fatal on-the-job accident in 2019. Plaintiff brought an action against defendant for negligence, Employer's Liability Law claims, and premise liability, asserting that Stout's three adult children suffered profound injuries from the loss of their mother's society and companionship upon her death.[2]

Defendant filed a motion to dismiss for lack of jurisdiction, arguing that the action was barred by statutes making workers' compensation the exclusive remedy for such claims, and which do not name adult, non-dependent children as beneficiaries. Plaintiff opposed the motion to dismiss, arguing that the workers' compensation exclusivity statute is unconstitutional as applied to this situation, because it deprived Stout's children of a remedy for their loss. The trial court granted defendant's motion and issued a limited judgment dismissing defendant from the action. On appeal, the parties renew the same arguments they raised below.

---

[1] Connor Enterprises, Inc., doing business as New Oregon, Inc., is the only defendant in this appeal. Other defendants were named in the initial complaint who were not dismissed from the action in the same order and limited judgment. Therefore our use of "defendant" in this opinion refers only to Connor Enterprises.

[2] The complaint alleged additional damages, including for Stout's pain and suffering for the time between the accident and her death; necessary medical expenses for the same period; lost earnings; and funeral expenses. The appeal before us is limited to arguments concerning the adult children's claims.

We review a trial court's ruling on a motion to dismiss under ORCP 21 for errors of law. *Strizver v. Wilsey*, 210 Or App 33, 35, 150 P3d 10 (2006), *rev den*, 342 Or 474 (2007) (citing *Granewich v. Harding*, 329 Or 47, 51, 985 P2d 788 (1999)). "We assume the truth of all allegations in the pleading and view the allegations, as well as all reasonable inferences, in the light most favorable to the nonmoving party." *Id.* We review the constitutionality of a statute as a matter of law. *See generally*, *Kilminster v. Day Management Corp.*, 323 Or 618, 623-28, 919 P2d 474 (1996) (assessing the constitutionality of a provision of the Workers' Compensation Act).

ORS 656.018 provides that the Workers' Compensation Act is "exclusive and in place of all other liability" arising out of workplace injuries or similar conditions sustained by subject workers in the course of employment, and that the rights given under the Act are "in lieu of any remedies [the worker and beneficiaries] might otherwise have" for such injuries. ORS 656.018(1)(a), (2). That "exclusive remedy" statute has been summarized to mean that "[a] worker who is injured in the course and scope of employment is entitled to receive, from the worker's employer, only the remedies provided for in the Act." *Kilminster*, 323 Or at 624. The Workers' Compensation Act further provides that, in the event of a worker's death, an employer is responsible for disposition of the body and funeral expenses, and that monthly benefits are only available to specific beneficiaries, including a surviving spouse, minor children until they reach the age of 19, and some other limited dependents. ORS 656.204.

The parties agree that Stout's children in this matter were not eligible beneficiaries under ORS 656.204, and that ORS 656.018 applies to the circumstances, as defendant was an employer covered by the Workers' Compensation Act and Stout was injured in the course of her employment. Plaintiff argues, however, that ORS 656.018 is unconstitutional as applied to this situation because it operates to deprive Stout's children of a remedy, contrary to Article I, section 10, of the Oregon Constitution, which guarantees that "every man shall have remedy by due course of law for

injury done him in his person, property, or reputation." Or Const, Art I, § 10.

The Supreme Court has addressed precisely this issue in two previous cases, *Kilmister* and *Juarez v. Windsor Rock Products, Inc.*, 341 Or 160, 144 P3d 211 (2006). In *Kilmister*, the court emphasized that "[t]he Article I, section 10, remedy guarantee is implicated only if a person suffers injury to person, property, or reputation." 323 Or at 626. The court concluded that the parents of a deceased worker had not suffered a "legally cognizable injury to their person, property, or reputation" and therefore, application of ORS 656.018 to bar their wrongful death action did not violate Article I, section 10. *Id.* at 627. Similarly, in *Juarez*, the court focused on the question of whether "the remedy clause protect[s] a claim for 'loss of society, companionship, guidance, emotional support, services and financial assistance,' brought by a parent and adult children" of a deceased worker; the court concluded that it did not. 341 Or at 165. The court explained that the claimants in that case, the mother and adult children of the worker, had not alleged an injury to their persons or reputations, and had not alleged that they possessed any property rights in the decedent that the defendant's conduct had infringed. *Id.* at 169-73.

Plaintiff asserts that *Kilminster* and *Juarez* should be viewed with a "grain of salt" in light of the Supreme Court's later cases that changed and expanded the method for assessing Article I, section 10, challenges, most significantly *Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016). In *Horton*, the court considered the constitutionality of the damages limit in the Tort Claims Act and whether those limits violated the remedy clause. 359 Or at 171. The court clarified that Article I, section 10, does not protect only those causes of action that pre-existed the constitution's adoption, and it established a new test for assessing the validity of legislative limitations on available remedies. *Id.* at 219-20. In doing so, the court explicitly overturned a previous case, *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001). *Horton*, 359 at 187-88. Plaintiff asserts that *Horton* thus calls into question all pre-*Horton* remedy clause cases,

which requires us to "consider whether the newly articulated test causes older cases to be overruled *sub silentio.*"

However, the court in *Horton* explicitly limited its holding to overruling *Smothers* and reaffirmed the body of its remedy clause cases:

> "Given the cases that preceded and were contemporaneous with the adoption of Oregon's remedy clause cases, we cannot say that our decisions, with the exception of *Smothers*, find no support in the text and history of that provision and should be overruled. In reaching that conclusion, we need not decide how we would interpret Oregon's remedy clause if we were considering it for the first time. Rather, for over 100 years, this court has debated the meaning of the clause, the latitude it gives the legislature, and the rights it protects. Distilled from that debate are a series of decisions that evolved as the legislation they considered evolved. We may not toss that considered body of decisions aside, as defendant urges[.] *** Although we overrule *Smothers*, we reaffirm our remedy clause decisions that preceded *Smothers*, including the cases that *Smothers* disavowed."

*Id.* at 218. *Kilminster* preceded *Smothers*. Additionally, in its extensive discussion of the remedy clause case law in *Horton*, the court noted the holding from *Juarez* on two occasions, neither of which appeared to question the conclusions found within. *Id.* at 180, 203.

Therefore, we conclude that we are bound by *Kilminster* and *Juarez*. Similar to those cases, plaintiff has alleged that defendant's action deprived Stout's adult children of the "society and companionship" of Stout. As the Supreme Court stated in *Juarez*, "[w]e do not doubt the importance of that loss to [the children], but it is not a loss of any *** interest for which Article I, section 10, guarantees a remedy." 341 Or at 173. Because the court has conclusively held that this sort of action does not implicate Article I, section 10, we conclude that the trial court did not err in granting defendant's motion to dismiss.

Affirmed.